ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 JUL 26 AM 11: 09
CLERK L. Glenden
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

TERI LYNN HINKLE, )
)
Plaintiff, )
)
v. ) CV 311-057
)
AFNI, INC., and )
JOHN DOES 1 THROUGH 10, )
)
Defendants. )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff filed the above-captioned case *pro se*, attempting to assert a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Because she is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

## I. BACKGROUND

At the outset, the Court notes that Plaintiff's complaint sets forth very few specific facts amidst a number of conclusory allegations.[1] Nevertheless, the allegations set forth in

---

[1]The Court additionally notes that the instant case is one of six actions commenced by Plaintiff within the span of approximately one week. The complaints in all six cases are

the complaint, liberally construed, can be summarized as follows. Plaintiff names AFNI, Inc., and 10 John Does as Defendants in this action.[2] Plaintiff alleges that she viewed a copy of her consumer report from the credit reporting agency TransUnion in May of 2011, and thereby discovered that Defendant had obtained her consumer report in July of 2010. (Doc. no. 1, p. 2.) According to Plaintiff, she "has never had any business dealings or any accounts with, made applications for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from [Defendant]." (Id. at 3.) Plaintiff maintains that Defendant therefore obtained her consumer report without any permissible purpose, conduct that Plaintiff characterizes as a "willful violation of [the FCRA] and an egregious violation of [her] right to privacy." (Id.)

## II. DISCUSSION

Plaintiff asserts that, by accessing her consumer report, Defendant willfully violated the provision of the FCRA that prohibits users of information from obtaining a consumer report without a permissible purpose. See 15 U.S.C. § 1681b[3]; Milton v. LTD Fin. Servs.,

---

virtually identical, the only significant difference being the identity of the Defendants.

[2]Notably, Plaintiff alleges no facts concerning the Doe Defendants, and does not allege any actions taken by an unknown individual or entity. (See doc. no. 1.) Thus, the Court's use of the term "Defendant" hereinafter refers exclusively to Defendant AFNI, Inc.

[3]Under 15 U.S.C. § 1681b(f),

> A person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with [15 U.S.C. § 1681e] by a prospective user of the report through a general or specific certification.

CV 210-119, doc. no. 29, p. 5 (S.D. Ga. Jan. 25, 2011) (Wood, C.J.) (hereinafter "CV 210-119") ("The FCRA imposes civil liability on . . . users of information that obtain credit reports of consumers for purposes not specified in § 1681b."); see also Rush v. Macy's New York, Inc., 775 F.2d 1554, 1557 (11th Cir. 1995) ("Under [the FCRA,] civil liability for improper use and dissemination of credit information may be imposed only on a consumer reporting agency or user of reported information who willfully or negligently violates the FCRA." (citing 15 U.S.C.A. §§ 1681n and 1681o)). However, Plaintiff fails to state a claim because she has fallen short of the applicable pleading standards.

Federal Rule of Civil Procedure 8(a)(2) provides that, to state a claim for relief, a pleading must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has clarified that this standard does not demand "detailed factual allegations," but "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 550 U.S. ____, 129 S. Ct. 1937, 1949 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quoting Twombly, 550 U.S. at 555)). Moreover, to state a viable claim, the pleader must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949.

Here, Plaintiff fails to state a claim that is plausible on its face. Essentially, Plaintiff alleges that a review of her consumer report showed that Defendant had accessed the report; she then avers that she has not entered into any dealings with Defendant, and asserts, without

further explanation, that Defendant willfully obtained her consumer report with "no permissible purpose" – thereby reciting one of the elements for a claim arising under § 1681b(f). (See doc. no. 1.) Notably, however, Plaintiff provides no specific facts in support of her assertion of willful noncompliance with the FCRA. Moreover, not all of the permissible purposes for a user of information to access a consumer report under § 1681b involve the consumer directly entering into an interaction with the user. For example, one of the "permissible purposes" enumerated in the FCRA for obtaining a consumer report is "to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the . . . collection of an account of[] the consumer." 15 U.S.C. § 1681b(a)(3)(A). Thus, if a collection agency is retained by a creditor to collect a debt owed by a consumer, then it typically has a permissible purpose for obtaining a consumer report in conjunction with its collection activities, so long as they relate to a transaction that the consumer initiated with the creditor. See id.; see also CV 210-119, doc. no. 29, p. 6.

In short, the scant factual matter offered by Plaintiff in her complaint establishes nothing beyond speculation as to the "mere possibility" of an FCRA violation, without presenting "enough fact to raise a reasonable expectation that discovery will reveal" unlawful conduct. Twombly, 550 U.S. at 556. Moreover, Plaintiff's unsupported averment that Defendant "willfully" violated the FCRA by obtaining her consumer report without a permissible purpose amounts to nothing more than a "threadbare recital" of the elements of a § 1681b cause of action, which is plainly insufficient to state a claim to relief that is plausible on its face. See Iqbal, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept a

complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."). Furthermore, Plaintiff has failed to set forth any facts in support of her conclusory assertion of a willful FCRA violation. See Rush, 775 F.2d at1557 (affirming dismissal of FCRA claim on the pleadings where the complaint "alleged no facts tending to show that [Defendant] 'willfully' or 'negligently' failed to comply with the FRCA"). The Court therefore concludes that Plaintiff has failed to state a claim under § 1681b, which is the only claim she attempts to assert in her complaint.

## III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of July, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE